## WILLIAM ASPINWALL *vs.* ROBERT CUSHMAN.

The police court of Boston has jurisdiction of a personal action in which the damages demanded are less than one hundred dollars, if the plaintiff and defendant each has his usual place of business in Boston, and the writ is served in Boston, and each party lives in a town in which no police court has been established.

CHAPMAN, J.   This action was brought in the police court of the city of Boston.   The plaintiff is described in the writ as of Brookline, in the county of Norfolk, and having his usual place of business in Boston; and the defendant is described by a similar addition.   The writ was served in Boston, and the defendant appeared and filed a motion to dismiss the action, on the ground that the police court had not jurisdiction of the action.   Legislation, which one would suppose ought in common prudence to make such a matter too plain for dispute, has in fact made it complicated.

Police courts exist and hold their jurisdiction according to the terms of Gen. Sts. *c.* 116.   Section 18 provides that they shall in their respective counties have the same jurisdiction as justices of the peace, of all civil actions and proceedings, and such jurisdiction shall, when the plaintiff and defendant both reside in the district, exclude the jurisdiction of other police courts and justices of the peace.   By § 19, where there are two or more plaintiffs or defendants the jurisdiction of the court shall not be exclusive, unless all the parties reside in the district.   These provisions would exclude the jurisdiction of the police court in Boston, if Brookline were in another police district; but it is not within any police district.

Section 41 relates to the jurisdiction of the police court in Boston.   It gives that court the same jurisdiction that justices of the peace have in civil actions, and makes it exclusive when both parties reside in the district; and in actions in which the amount claimed exceeds one hundred dollars but does not exceed three hundred dollars it has jurisdiction, provided the defendants reside or have their usual place of business in Boston; thus recognizing a domicil of business as well as a domicil

of residence in the latter class of actions. But this action does not belong to that class, for the amount claimed is less than one hundred dollars. We are driven, then, to an examination of the jurisdiction of justices of the peace. Chapter 120 of the General Statutes relates to that subject, and provides that in certain cases they may direct their writs to officers of any county; but it makes no express provision for a case like the present, where both parties reside out of the county, but have places of business within it. Chapter 123, § 1, provides that transitory actions, except in cases where it is otherwise provided, if any one of the parties lives in the state, shall be brought in the county where some one of the parties lives or has his usual place of business, and if brought in any other county the writ shall abate. This provision apparently covers all cases in respect to which there is no other provision, and if so it applies to the present case. A recurrence to former legislation confirms this view. Under the Rev. Sts. *c.* 90, § 14, all actions were required to be brought in the county in which one of the parties lived. By *St.* 1854, *c.* 322, it was provided that actions might be brought in the county in which one of the parties lived or had his usual place of business; thus introducing for the first time the domicil of business as a basis of jurisdiction. The *St.* of 1856, *c.* 152, extended the jurisdiction based on a business domicil to actions brought by trustee process. Thus when the Gen. Sts. were enacted, the lomicil of business had already been recognized for several years.

It does not follow from this that such a writ as the present one could have been sent out of the county to be served, or that it would be a sufficient service to leave a summons at the defendant's usual place of business. But those questions do not arise here, for the service was personal, and was made in Boston.

The parties have desired to obtain a judicial construction of the statutes above referred to, and have not discussed the question whether, if neither of the parties had a place of business in Boston, but the plaintiff found the defendant here and obtained a personal service of the writ, the court would have had jurisdiction. The case of *Roberts* v. *Knights*, 7 Allen, 449

discusses the question in respect to aliens coming here tran-
siently.                                   *Motion to dismiss overruled.*

*J. F. Barrett*, for the plaintiff.

*J. W. Bacon*, for the defendant.